## SALT LAKE & U. R. CO. v. ABBOTT, et al.

No. 2738.    Decided July 20, 1915.    (150 Pac. 967.)

1. WITNESSES—CREDIBILITY—CROSS-EXAMINATION—INTEREST. In an action to condemn land for a railroad right of way, plaintiff, on cross-examination of defendants' witness, and as affecting the credibility of the witness, could inquire whether witness and other interested landowners had met and agreed to demand of the road a certain amount as damages for lands taken and damaged.    (Page 501.)

2. WITNESSES—CREDIBILITY—EXAMINATION. In an action to condemn land for a railroad right of way, wherein plaintiff claimed that witnesses for defendants were present at a meeting of owners who agreed to demand a certain amount as damages, questions to a witness for plaintiff as to who executed the vouchers in settlement made for lands, whether there had been a settlement with or a purchase from an owner not a party to the action, and as to what property in the vicinity of defendants' property had not been purchased for the right of way, did not show on their face any connection with the fact that certain of the witnesses for defendant were defendants in other similar cases, as bearing on their credibility, and were properly excluded.    (Page 501.)

3. EMINENT DOMAIN—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE. In such action error, if any, in excluding the cross-examination of defendants' witness as to his relation to a defendant in another action, was not prejudicial, where it was otherwise shown that the witnesses for defendants were landowners along or near the right of way, and were indirectly interested in the location.    (Page 502.)

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

Action to condemn lands by the Salt Lake & Utah Railroad Company against Charles L. Abbott and others.

Judgment of condemnation and assessment of damages. Plaintiff appeals.

AFFIRMED.

*Henry I. Moore* and *Warner & Maginnis,* for appellant.

*Thurman, Wedgwood & Irvine,* for respondent.

STRAUP, C. J.

The plaintiff brought this action to condemn lands for a right of way. The court granted the condemnation. The jury assessed the damages, from which portion of the judg‧ment the plaintiff appeals.

It is contended that the plaintiff, on cross-examination of one of the defendants' witnesses, was not permitted to take an answer from him as to whether he and other interested landowners had met and agreed to demand of the plaintiff a certain amount as damages for lands taken and damaged. As affecting the credibility of the witness and the weight of his testimony the plaintiff had the right to inquire into such matter. But we think the record discloses that it was permitted to fully go into that.

An officer of the plaintiff was called as a witness for the plaintiff. The plaintiff asked him:

"Q. When land has been purchased and settlement made for the lands, who executes the vouchers in those settlements?" "Q. Do you know whether or not a settlement for the right of way, or the purchase of a right of way, has been obtained from Joseph Hibbard (a person not a party to the action)?" "Q. What property in the vicinity of the Abbott property do you know of that the railroad. company has not yet purchased for its right of way?"

Objections from the defendants were sustained. It is claimed the questions were asked to show that witnesses testifying for the defendants were present at one of the meetings referred to, and that they were defendants in other actions. Of course, as bearing on the credibility of the witnesses and the weight to be given their testimony, it was proper to show that they were defendants in other actions, or otherwise were, either directly or indirectly, interested in the litigation. But it does not appear in what way the questions propounded tended to show that.

A witness named Gardner testified for the defendants. On

502     SUPREME COURT OF UTAH.    \ [July

cross-examination he was asked: ''What relation are you to Jane Gardner?'' An objection to that was sustained. The plaintiff claimed that Jane Gardner was a defendant in another action, and thus claimed the right to show what relation the witness was to that person. It might be proper enough to have permitted the witness to answer, but we cannot say that the court's refusal prejudiced the plaintiff in any substantial right. It otherwise was shown that the witnesses for the defendants were landowners along, or near, the right of way, lived in that vicinity, and indirectly were interested in the litigation. To have taken answers to the particular questions would not have added anything, for all that was claimed by them was otherwise indisputably shown.

Let the judgment be affirmed, with costs. Such is the order.

FRICK and McCARTY, JJ, concur.